UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| STEVEN ALLEN DePLANTY AND JACQUE ANN DePLANTY, ) | |
| ) | |
| Debtors-Appellants, ) | |
| ) | CASE NO. 1:08-cv-0790-DFH-TAB |
| v. ) | |
| ) | |
| FARMERS STATE BANK, ) | |
| ) | |
| Creditor- Appellees. ) | |

ENTRY AFFIRMING BANKRUPTCY COURT'S ORDER

Debtors Steven and Jacque Ann DePlanty appeal from an order of the United States Bankruptcy Court granting a motion for reconsideration that allowed Farmers State Bank's unsecured claim known as Claim #22. The DePlantys challenge the bankruptcy court's action to correct an error caused by the DePlantys' own lawyer, who submitted an order to the court that reached further than the DePlantys' motion or the bankruptcy court's hearing could have justified. The court finds that the bankruptcy court acted correctly to remedy the problem caused by the order drafted by the DePlantys' own attorney. The DePlantys also contest the adequacy of Claim #22, but their concerns deal with other proceedings in the case and not the order on the motion for reconsideration. As a result, the bankruptcy court's grant of Farmer's motion for reconsideration and allowing Claim #22 is affirmed.

*Procedural History*

The DePlantys filed for Chapter 13 protection on December 22, 2003. Farmers filed secured Claim #4 for $41,950 on January 28, 2004. The case was converted to Chapter 7 on April 2, 2004. The trustee filed an application to disallow Claim #4 because it was not properly a secured claim. Farmers did not contest the point, but responded by filing unsecured Claim #22 on July 17, 2007 for the same amount of $41,950.

On July 25, 2007, the DePlantys filed an objection to allowance of claims where they objected to Claim #4 but made no mention of Claim #22. Farmers chose not to attend. On August 16, 2007, the trustee filed an application to approve, among others, Claim #22. The application was approved by docket order on August 31, 2007.

On September 11, 2007, the bankruptcy court held a hearing on the DePlantys' objections from July 25, 2007. Since the objections did not address Claim #22, Farmers did not attend. Counsel for the DePlantys, Alan Crapo, prepared an order following the September 11th hearing. The order, signed on October 18, 2007, included "Claim #4 as amended to Claim #22" among the claims to be denied, thus effectively dismissing both Claim #4 and Claim #22.

Farmers filed a motion for reconsideration on March 31, 2008. On April 28, 2008, a hearing was held where Bankruptcy Judge Otte granted the motion for

reconsideration and allowed Claim #22 as an unsecured claim. The DePlantys appeal from that entry.

The bankruptcy court's decision allowing Claim #22 was a final, appealable decision under 28 U.S.C. § 158(a)(1). See *Zedan v. Habash*, 529 F.3d 398, 402 (7th Cir. 2008) ("the test we have utilized to determine finality . . . is whether an order resolves a discrete dispute that, but for the continuing bankruptcy, would have been a stand-alone suit by or against the trustee"). The bankruptcy court's findings of fact are accepted by this court unless clearly erroneous. Conclusions of law, however, are reviewed *de novo*. *In re Midway Airlines, Inc.*, 383 F.3d 663, 668 (7th Cir. 2004).

The DePlantys have a fatal problem with their challenge to the bankruptcy court's decision on the motion for reconsideration. Their entire argument is directed against the entry of the original order approving Claim #22, but the entry of that order is not properly before this court. The bankruptcy judge rested his decision on the fact that Farmers already had an allowed claim when it failed to appear at the September 11th hearing. The notice of objection to that hearing listed only Claim #4, without mentioning Claim #22. Based on these two facts, the Judge Otte concluded that the insertion of the phrase "as amended by Claim #22" in the October 18th order was inappropriate.

Judge Otte's decision was undoubtedly correct. The contested claim, Claim #22, had already been allowed. Once that claim was allowed, a hearing held to determine the validity of Claim #4 without any mention of a challenge to the validity of Claim #22 could not have been the appropriate proceeding to adjudicate whether or not Claim #22 was proper. Farmers had no notice that Claim #22 would be at issue and therefore did not know it might need to seek an opportunity to be heard. Counsel's insertion of "as amended by Claim #22" to the post-hearing order, however inadvertent it might have been, was still improper. The judge was correct to strike that language on Farmers' motion for reconsideration. The bankruptcy court's decision is therefore affirmed.

So ordered.

Date: September 23, 2008

_____
DAVID F. HAMILTON, CHIEF JUDGE
United States District Court
Southern District of Indiana

-5-

Copies to:

Alan L. Crapo
Alan L. Crapo & Associates
alancrapo@aol.com

Gary Hoke
Barnes & Thornburg LLP
gary.hoke@btlaw.com

Wendy Brewer
Barnes & Thornburg LLP
wendy.brewer@btlaw.com